SEPEHR DAGHIGHIAN, State Bar No. 239349
NATHAN M. TALEI, State Bar No. 281498
**LAW OFFICES OF SEPEHR DAGHIGHIAN, P.C.**
433 North Camden Drive, Fourth Floor
Beverly Hills, California 90210
Telephone: (310) 887-1333
Facsimile: (310) 887-1334
E-mail: sepehr@daghighian.com
          nathan@daghighian.com

Attorneys for Plaintiff:
**XANDER BICYCLE CORPORATION**

UNITED STATES DISTRICT COURT

CENTRAL DISTRICT OF CALIFORNIA

| | |
|---|---|
| XANDER BICYCLE CORPORATION, a California Corporation, d/b/a RETROSPEC BICYCLES,<br><br>    Plaintiff,<br><br>v.<br><br>COATUE COLLECTIONS, LLC, a Connecticut Limited Liability Company, d/b/a NANTUCKET BIKE BASKET CO.,<br><br>    Defendant. | Case No. <u>8:15-cv-191</u><br><br>**COMPLAINT FOR DECLARATORY RELIEF OF NON-INFRINGEMENT OF TRADE DRESS**<br><br>**JURY TRIAL DEMANDED** |

**COMPLAINT**

Plaintiff Xander Bicycle Corporation, a California Corporation, doing business as Retrospec Bicycles (hereinafter, "**Retrospec**" or "**Plaintiff**"), files this Complaint against Defendant Coatue Collections, LLC, a Connecticut Limited Liability Company, doing business as NANTUCKET BIKE BASKET CO. (hereinafter, "**Nantucket**" or "**Defendant**), alleging upon personal knowledge with respect to itself and its own actions, upon information and belief as to all other matters, and demanding a trial by jury, avers as follows:

## NATURE OF ACTION

1. Retrospec files this action seeking a declaratory judgment that it has not infringed any possible trademark and/or trade dress that may or may not be owned by Defendant.

2. Retrospec creates and sells a highly common woven basket for bicycles that is typical in the industry and enjoyed by bike riders throughout the world.

3. Defendant is a manufacturer producing, among other things, baskets for bicycles based on centuries' old basket designs.

4. The identified bike baskets produced by Retrospec and Defendant are of the ubiquitous "Nantucket Lightship Basket" style, which have been in production since the 19th century and even have a museum dedicated to this design, the Nantucket Lightship Basket Museum located off of Nantucket Island, in Nantucket Massachusetts (www.nantucketlightshipbasketmuseum.org).

5. Defendant, by and through its counsel, contacted Retrospec and asserted that Retrospec violated trademarks and/or trade dress purportedly owned by Defendant by allegedly incorporating a similar basket shape, slant, weave, and color (hereinafter, the "**Disputed Characteristics**").

6. Retrospec vehemently denies that Defendant retains, holds, or owns any distinctive or otherwise protectable matter whatsoever.

7. As such, Retrospec respectfully asserts that Defendant cannot claim

any trademark or trade dress protection over their basket designs, the Disputed Characteristics, or any portion thereof.

8. Namely, Retrospec is informed, believes, and thereupon alleges that the shape of the products—the "Nantucket Lightship Basket" design—is a commonly found design, of a ubiquitous product type, and has been widely and continuously produced by various manufacturers for hundreds of years.

9. In conversations and correspondence with counsel, Defendant has not been able to identify what constitutes their allegedly protective design.

10. Furthermore, the identified weaving pattern is commonly found, and not limited to either Retrospec or Defendant.

11. Worse yet, the claimed "color tint" are natural colors and byproducts of the materials used by both Retrospec and Defendant, and are commonly found on similar types of bicycle baskets sold in the United States and the throughout world.

12. As such, the "look and feel" of Retrospec's baskets are not likely to cause confusion with Defendant's products because the Disputed Characteristics are not unique to, or identifiable with, Defendant.

13. Rather, Retrospec is informed, believes, and thereupon alleges that all of the Disputed Characteristics and/or qualities of Defendant's products are ubiquitous, non-distinctive, commonly-found, and entirely functional aspects that are not protectable as any trademark or trade dress.

14. Moreover, Retrospec is informed, believes, and thereupon alleges that Defendant cannot claim any such ownership or exclusive rights in the Disputed Characteristics, because Defendant lacks sufficient secondary meaning (i.e., acquired distinctiveness) to create or hold any protectable matter as they are ubiquitous and functional characteristics and/or qualities of Defendant's products, and because highly similar, if not identical, products have been produced and sold by innumerable manufacturers for hundreds of years.

15. Furthermore, Retrospec is informed, believes, and thereupon alleges that Defendant does not actually own a registered trademark, or any relevant common law trademark, concerning the Disputed Characteristics or any other functionality or design aspect of Defendant's baskets.

16. Despite Retrospec's founded belief that it had not infringed any potential trademark or trade dress of Defendant, and that Defendant did not have any identifiable protected and/or protectable matter, Retropec attempted to resolve this matter in good faith.

17. However, Defendant's counsel continued to bully Retrospec by promoting Defendant's wholly unsubstantiated and illogical claims of trade dress infringement, and threatening suit if Retrospec did not immediately cease its alleged conduct and withdraw all of its products.

18. As such, Defendant has refused all of Retrospec's reasonable positions, and instead threatens Retrospec with a lawsuit.

19. Consequently, Retrospec is filing this action seeking declaratory relief from this Honorable Court holding that Retrospec is not violating, nor has it ever violated, any valid trademark and/or traded dress that may or may not be owned, registered, or otherwise protected by Defendant.

**JURISDICTION AND VENUE**

20. This Court has subject matter jurisdiction over this action pursuant to the trademark laws of the United States, codified as 15 U.S.C. § 1501, *et seq*.

21. Furthermore, this Court has federal question jurisdiction over the claims because an actual case and controversy exists as Retrospec seeks, *inter alia*, a declaration of rights under the Declaratory Judgment Act, codified as 28 U.S.C. § 2254.

22. Venue is proper in this judicial district pursuant to 28 U.S.C. §§ 1391(b)(2)-(3) because Defendant contends the allegedly infringing act(s) occurred in this district, because a substantial part of Retrospec's allegedly infringing

**COMPLAINT**

property is located in this district, and because this Court has personal jurisdiction over Defendant as identified below.

23. Namely, Retrospec is informed, believes, and thereupon alleges, that this Court has personal jurisdiction over Defendant by virtue of its regular, systematic, and continuous contacts with California, because Defendant regularly transacts business within this judicial district, and by virtue of its actions in California arising out of their wrongful conduct as alleged herein.

24. More specifically, Retrospec is informed, believes, and thereupon alleges that Defendant directly, regularly, continuously, and systematically transacts business with at least two (2) distributors and approximately two hundred (200) retailers located in California for its bicycle basket products, which are then in turn sold to customers in and throughout California.

## **THE PARTIES**

25. Retrospec is a corporation organized and existing under the laws of the State of California, and maintains its principal place of business at 2053 East 38th Street, Vernon, California 90058.

26. Upon information and belief, Defendant Coatue Collections, LLC is Limited Liability Company organized and existing under the laws of the State of Connecticut, with its principal place of business at 850 Honeyspot Road, Stratford, Connecticut 06615.

27. Upon information and belief, Defendant regularly and systematically does business in the State of California by, among other things, negotiating, executing, and effectuating contracts for the sale and distribution of Defendant's products in California, with, among others, at least two (2) distributors in California, and approximately two hundred (200) retailers located in and throughout California. The full list of California retailers and distributors with which Defendant has on-going business relationships, and which currently sell, offer for sale, and distribute Defendant's products is located on Defendant's website, which

can be found at:

(Retailers)

http://www.nantucketbikebaskets.com/index.php?option=com_sobi2&catid=10&Itemid=12

(Distributors)

http://www.nantucketbikebaskets.com/index.php?option=com_content&view=article&id=25&Itemid=33

## STATEMENT OF FACTS

28. Retrospec is a highly reputable and well-regarded specialty bicycle manufacturer, that independently researches, manufactures, distributes, and sells lifestyle and fixed gear bicycles, components, and accessories throughout the United States.

29. Retrospec invests heavily in the branding, development, and protection of its intellectual property and its innovative bicycle products, including its bicycle accessories and baskets.

30. Through great effort and expense, Retrospec has become a premier manufacturer, distributor, and seller of lifestyle and fixed gear bicycles, components, and accessories.

31. Over the course of this time, Retrospec has developed, manufactured, and offered for sale a woven wicker basket that is attachable to bicycles, of the renowned and long-standing "Nantucket Lightship Basket" design.

32. The "Nantucket Lightship Basket" style of basket has been in production since the 19th century, is currently produced and sold by innumerable manufacturers in the United States, and even has a museum dedicated to this design, the Nantucket Lightship Basket Museum located off of Nantucket Island, in Nantucket Massachusetts (www.nantucketlightshipbasketmuseum.org).

33. On or about November 20, 2014, Defendant, by and through its counsel dispatched a letter to Retrospec incredulously demanding that Retrospec

immediately and permanently cease all production and distribution of its "Nantucket Lightship Basket" style of baskets.

34. Rightfully believing that it had not infringed any potential trademark or trade dress of Defendant, and that Defendant did not have any identifiable protected and/or protectable matter, Retropec responded to Defendant without the aid of counsel, clearly explaining that Retrospec did not and could infringe any possible trade dress of Defendant.

35. Despite this founded belief, Retrospec attempted to resolve the matter in good faith, and offered to modify its advertisements to exclude the descriptor "Nantucket Lightship."

36. However, Defendant's counsel continued to harass Retrospec claiming that Defendant somehow owned the Disputed Characteristics—the "Nantucket Lightship" shape of basket, the relevant "slant", weaving pattern, and color.

37. Nevertheless, the Disputed Characteristics are non-distinctive functional matters, characteristics, and qualities, that cannot be claimed as trade dress or any other intellectual property.

38. In discussions with counsel, it became clear that Defendant could not, and cannot, identify any protectable aspect of their basket design.

39. For example, the shape of the baksets has been produced in the United States since the 19th Century and remains popular today.

40. This ubiquitous design is further common with bicycles as there are hundreds of manufacturer located in the United States and throughout the world creating and distributing similar and/identical baskets specifically for bicycles.

41. Furthermore, many manufacturers of bicycle baskets utilize the exact same design, in the same shape, and of the same color.

42. Interestingly, Defendant has not been able to identify what constitutes a "slant" or how Defendant would hold any such trade dress in said feature.

43. The identified weaving pattern is commonly found, and not limited to

**COMPLAINT**

either Retrospec or Defendant.

44. Worse yet, the claimed "color tint" are natural colors and byproducts of the materials used by both Retrospec and Defendant, and are commonly found on similar types of bicycle baskets sold throughout the world.

45. Because the use of this design, shape, color, and weave pattern are so pervasive in the industry, there is no possible consumer association with the Disputed Characteristics to Retrospec or Defendant.

46. In fact, Defendant was not even the first manufacturer to combine any such elements—this was accomplished by whalers long ago.

47. As such, Retrospec adamantly denies that Defendant has developed any trade dress, trademark, or other intellectual property in the Disputed Characteristics, or any portion thereof, because the Disputed Characteristics are not distinctive, and are not unique to, or identifiable with, Defendant.

48. Likewise, the Disputed Characteristics do not and cannot embody a "look and feel" that is uniquely recognized as belonging to, or associated with, Retrospec or Defendant.

49. Furthermore, Retrospec is informed, believes, and thereupon alleges, that Defendant does not have any registered or common law trademark or trade dress in any aspect of the Disputed Characteristics.

50. Accordingly, here, Defendant is attempting to control aspects of products which they did not invent or create, and which are non-distinct functional aspects of what is essentially a ubiquitous product line.

51. Since receiving correspondence from Defendant, Retrospec has tried to resolve this matter amicably and without the need to resort to litigation.

52. All such matters occurred while Retrospec and its officers, employees, and representatives were located in and from California, and all such matters concerned Retrospec's actions in California.

53. Regrettably, Defendant has refused any of Retrospec's reasonable

efforts and has instead threatened Retrospec with significant legal action and harm should Retrospec not stop production and sale of its products immediately.

54. Consequently, Retrospec faces significant harm should Defendant file suit against it, seeking monetary damages, or injunctive relief potentially preventing Retrospec from exploiting its properly manufactured products.

55. Defendant's cease and desist letters constitute a threat of litigation.

56. Therefore, a declaration from this Court is the only method by which Retrospec may dispel the cloud hanging over its business.

57. Accordingly, Retrospec was forced to retain the undersigned counsel, file this action, and incur significant legal costs and expenses herein.

## FIRST CAUSE OF ACTION

## DECLARATORY RELIEF OF FUNCTIONALITY

## 15 U.S.C. § 1125(a)(3)

58. Retrospec repeats, re-alleges, and incorporates by reference the matters alleged in the foregoing paragraphs of this Complaint as if fully set forth herein.

59. Retrospec is informed, believes, and thereupon alleges that the identified slant, weaving pattern, and color are functional aspects of the parties' products.

60. First, Defendant's contention that it somehow holds protection over a "slant" is entirely unintelligible.

61. In fact, Defendant's counsel was flatly unable to identify or describe what aspect of the product constitutes a "slant," and more importantly, how Defendant could singly own any such degree.

62. Second, the weaving pattern used by both parties is of a common type that was neither created by Defendant nor was it created by Retrospec.

63. This weaving pattern happens to be one of the most efficient and aesthetically pleasing patterns for this style of basket.

64. Third, and perhaps most egregiously, Defendant can in no way claim

ownership of the color of its products, which happens to be the natural color and byproduct of the materials used by both parties.

65. However, trade dress protection does not force competitors to adopt less efficient, less workable, or arbitrarily fanciful weaving patterns or colors that would put other competitors at a financial disadvantage.

66. Accordingly an actual, present, cognizable, and judicial case and controversy has arisen between Retrospec and Defendant concerning Retrospec's use and incorporation of the identified "slant," weaving pattern, and color.

67. Defendant has wholly failed to prove or otherwise establish ownership to a valid trade dress and/or related registration.

68. As such, Retrospec is informed and believes that Defendant cannot claim any ownership of these highly common, non-distinctive, and functional aspects of their products.

69. Thus, Retrospec is informed and believes that it has not infringed any of Defendant's trade dress or trademarks.

70. Accordingly, Retrospec is entitled to a judicial declaration against Defendant concerning the parties' respective rights and obligations with respect to the identified "slant," weaving pattern, and color.

71. Furthermore, a judicial declaration is necessary and appropriate to restrain Defendant from any further acts in hindrance of Retrospec's production, creation, and/or distribution of such products without holding the requisite valid trademark registration.

72. Therefore, Retrospec seeks a judgment declaring the parties' respective rights and obligations, including a declaration that the identified "slant," weaving pattern, and color are merely functional aspects of the products, and thus, are not protectable as trade dress.

## SECOND CAUSE OF ACTION
## DECLARATORY RELIEF OF LACK OF SECONDARY MEANING
## 15 U.S.C. §§ 1115(a) and 1125(c)

73. Retrospec repeats, re-alleges, and incorporates by reference the matters alleged in the foregoing paragraphs of this Complaint as if fully set forth herein.

74. Defendant insists that the Disputed Characteristics, including the ubiquitous "Nantucket Lightship" style of basket, are the protectable trade dress of Defendant's products, and demands that Retrospec stop selling any such baskets in order to avoid further trade dress infringement.

75. However, Retrospec adamantly denies that Defendant has developed any trade dress, trademark, or other intellectual property in the Disputed Characteristics, or any portion thereof because the Disputed Characteristics are not distinctive, and are not unique to, or identifiable with, Defendant.

76. The Disputed Characteristics are inherently not distinctive as there are a multitude of similar, if not identical, bicycle baskets that have been sold in the market for hundreds of years, well before either Defendant or Retrospec existed.

77. Because the Disputed Characteristics are so common to the general public, have been utilized on identical products for hundreds of years, and are further common in the industry, Retrospec is informed, believes, and thereupon alleges that Defendant does not and cannot own any of the asserted trade dress, and that Defendant has not acquired, nor can it acquire, any secondary meaning or acquired distinctiveness.

78. Moreover, the industry is flooded with "Nantucket Lightship" baskets, and thus, no one manufacturer can acquire sufficient secondary meaning in the shape, color, weaving pattern, or slant of such products, that would result in the consuming public identifying such characteristics with a given source.

79. Therefore, an actual, present, cognizable, and judicial case and controversy has arisen between Retrospec and Defendant concerning Retrospec's

use and incorporation of the Disputed Characteristics.

80. Defendant has wholly failed to prove or otherwise establish secondary meaning in such ubiquitous characteristics and qualities.

81. As such, Retrospec is informed and believes that Defendant cannot claim any ownership of these highly common, non-distinctive, and functional aspects of their products.

82. Thus, Retrospec is informed and believes that it has not infringed any of Defendant's trade dress or trademarks.

83. Accordingly, Retrospec is entitled to a judicial declaration against Defendant concerning the parties' respective rights and obligations with respect to the Disputed Characteristics.

84. Furthermore, a judicial declaration is necessary and appropriate to restrain Defendant from any further acts in hindrance of Retrospec's production, creation, and/or distribution of such products without holding the requisite valid trademark registration.

85. Therefore, Retrospec seeks a judgment declaring the parties' respective rights and obligations, including a declaration that Defendant has not obtained and cannot obtain sufficient secondary meaning in the Disputed Characteristics, and thus, the Disputed Characteristics are not protectable as trade dress.

## THIRD CAUSE OF ACTION
## DECLARATORY RELIEF THAT THE DISPUTED CHARACTERISTICS ARE NOT PROTECTABLE TRADEMARKS
## 15 U.S.C. § 1117 *et seq.*

86. Retrospec repeats, re-alleges, and incorporates by reference the matters alleged in the foregoing paragraphs of this Complaint as if fully set forth herein.

87. An actual, present, cognizable, and judicial case and controversy has arisen between Retrospec and Defendant concerning whether or not Defendant has

an enforceable statutory or common law trademark in the Disputed Characteristics.

88. Retrospec is informed, believes, and thereupon alleges, that Defendant does not have any registered or common law trademark or trade dress in any aspect of the Disputed Characteristics, that Defendant has not obtained a registration for any portion of the Disputed Characteristics from the United States Patent and Trademark Office, and that the Disputed Characteristics do not and cannot function as a trademark.

89. Retrospec is informed, believes, and thereupon alleges, that the Disputed Characteristics are not recognizable as belonging to or originating from Defendant or its products.

90. Accordingly, Retrospec is entitled to a judicial declaration against Defendant concerning the parties' respective rights and obligations with respect to the Disputed Characteristics.

91. Furthermore, a judicial declaration is necessary and appropriate to restrain Defendant from any further acts in hindrance of Retrospec's production, creation, and/or distribution of such products without holding the requisite valid trademark registration.

92. Therefore, Retrospec seeks a judgment declaring the parties' respective rights and obligations, including a declaration that the Disputed Characteristics are not protectable as trade dress.

## FOURTH CAUSE OF ACTION
## DECLARATORY RELIEF OF NON-INFRINGEMENT OF TRADEMARKS
## 15 U.S.C. § 1117 *et seq.*

93. Retrospec repeats, re-alleges, and incorporates by reference the matters alleged in the foregoing paragraphs of this Complaint as if fully set forth herein.

94. An actual, present, cognizable, and judicial case and controversy has arisen between Retrospec and Defendant concerning whether or not Defendant has an enforceable statutory or common law trademark in the Disputed Characteristics.

95. Retrospec is informed, believes, and thereupon alleges, that the Disputed Characteristics are highly common, non-distinctive, and functional aspects of both parties' products.

96. Retrospec is informed, believes, and thereupon alleges, that the Disputed Characteristics are not recognizable as belonging to or originating from Defendant or its products.

97. As such, the use of the Disputed Characteristics by Retrospec is not likely to deceive consumers as to the source, origination, sponsorship, or endorsement of Retrospec's products.

98. Accordingly, Retrospec is entitled to a judicial declaration against Defendant concerning the parties' respective rights and obligations with respect to the Disputed Characteristics.

99. Furthermore, a judicial declaration is necessary and appropriate to restrain Defendant from any further acts in hindrance of Retrospec's production, creation, and/or distribution of such products without holding the requisite valid trademark registration.

100. Therefore, Retrospec seeks a judgment declaring the parties' respective rights and obligations, including a declaration that Retrospec has not infringed Defendant's purported intellectual property by utilizing the Disputed Characteristics.

## FIFTH CAUSE OF ACTION
## DECLARATORY RELIEF OF NON-INFRINGEMENT OF TRADE DRESS
## 15 U.S.C. § 1117 *et seq.*

101. Retrospec repeats, re-alleges, and incorporates by reference the matters alleged in the foregoing paragraphs of this Complaint as if fully set forth herein.

102. An actual, present, cognizable, and judicial case and controversy has arisen between Retrospec and Defendant concerning whether or not Defendant has an enforceable statutory or common law trade dress in the Disputed Characteristics

or any portion thereof.

103. Retrospec is informed, believes, and thereupon alleges, that Defendant does not have any registered or common law trade dress in any aspect of the Disputed Characteristics, that Defendant has not obtained a registration for any portion of the Disputed Characteristics from the United States Patent and Trademark Office, and that the Disputed Characteristics do not and cannot function as trade dress.

104. Additionally, Retrospec is informed, believes, and thereupon alleges, that Defendant's use of the Disputed Characteristics is not inherently distinctive, and has not achieved a high degree of consumer recognition as to identify the Disputed Characteristics with Defendant's products.

105. Defendant has threatened Retrospec with a lawsuit should Retrospec not immediately stop production and sale of its products.

106. Therefore, Retrospec is entitled to a judicial declaration against Defendant concerning the parties' respective rights and obligations with respect to the Disputed Characteristics.

107. Furthermore, a judicial declaration is necessary and appropriate to restrain Defendant from any further acts in hindrance of Retrospec's production, creation, and/or distribution of such products without holding the requisite valid trademark registration.

108. Accordingly, Retrospec seeks a judgment declaring the parties' respective rights and obligations, including a declaration that Defendant does not hold any trade dress in the Disputed Characteristics, and thus, that Retrospec has not infringed Defendant's purported trade dress by utilizing the Disputed Characteristics.

## SIXTH CAUSE OF ACTION

## DECLARATORY RELIEF OF NON-DILUTION OF TRADE DRESS

## 15 U.S.C. § 1117 *et seq.*

109. Retrospec repeats, re-alleges, and incorporates by reference the matters alleged in the foregoing paragraphs of this Complaint as if fully set forth herein.

110. An actual, present, cognizable, and judicial case and controversy has arisen between Retrospec and Defendant concerning whether or not Defendant has an enforceable statutory or common law trade dress in the Disputed Characteristics or any portion thereof.

111. Defendant has claimed that its use of the Disputed Characteristics is "famous" within the meaning of the Lanham Act and that the Disputed Characteristics are recognized as belonging to, or originating from, Defendant and/or its products.

112. Nevertheless, Retrospec's use of the Disputed Characteristics is not likely to cause confusion or mistake, or deceive consumers in relation to bicycle baskets.

113. Retrospec's use of the Disputed Characteristics does not suggest origination in, sponsorship from, or endorsement by Defendant.

114. Defendant has threatened Retrospec with a lawsuit should Retrospec not immediately stop production and sale of its products.

115. Therefore, Retrospec is entitled to a judicial declaration against Defendant concerning the parties' respective rights and obligations with respect to the Disputed Characteristics.

116. Furthermore, a judicial declaration is necessary and appropriate to restrain Defendant from any further acts in hindrance of Retrospec's production, creation, and/or distribution of such products without holding the requisite valid trademark registration.

117. Accordingly, Retrospec seeks a judgment declaring the parties'

respective rights and obligations, including a declaration that Retrospec's use of the Disputed Characteristics does not dilute any purported trademark owned by Defendant.

## PRAYER FOR RELIEF

WHEREFORE, Plaintiff Xander Bicycle Corporation, a California Corporation, doing business as Retrospec Bicycles (hereinafter, "**Retrospec**" or "**Plaintiff**"), prays that the Court provide the following relief in favor of Plaintiff and against Defendant Coatue Collections, LLC, a Connecticut Limited Liability Company, doing business as Nantucket Bike Basket Co. (hereinafter, "**Nantucket**" or "**Defendant**"), and Defendants Does 1 through 10, inclusive ("**Doe Defendants**") (collectively "**Defendants**") as follows:

(1) Declare that that the identified "slant," weaving pattern, and color are merely functional aspects of the products;

(2) Declare that Defendant has not obtained and cannot obtain sufficient secondary meaning in the Disputed Characteristics to constitute as trade dress;

(3) Declare that the Disputed Characteristics are not protectable as trademarks or trade dress;

(4) Declare that Defendant does not own or hold any trademark or trade dress in the Disputed Characteristics;

(5) Declare that that Retrospec has not infringed Defendant's purported trademark or trade dress by utilizing the Disputed Characteristics;

(6) Declare that Retrospec's use of the Disputed Characteristics does not dilute any trademark owned by Defendant;

(7) Declare that Retrospec does not infringe, otherwise impair, or violate Defendant's rights under any federal or state law regarding Defendant's purported intellectual property rights;

(8) That Retrospec be awarded interest from the date of the commencement of infringement; and

(9) That Retrospec be awarded such other and further relief as the Court may deem equitable.

Dated: February 5, 2015

                                 Respectfully submitted,
                                 **LAW OFFICES OF SEPEHR DAGHIGHIAN, P.C.**

                                 _____
                                 SEPEHR DAGHIGHIAN, ESQ.
                                 Attorney for Plaintiff: Xander Bicycle Corporation

**COMPLAINT**

**LAW OFFICES OF SEPEHR DAGHIGHIAN, P.C.**
433 NORTH CAMDEN DRIVE, FOURTH FLOOR
BEVERLY HILLS, CALIFORNIA 90210

## DEMAND FOR JURY TRIAL

Pursuant to Fed. R. Civ. P. 38(b), Plaintiff demands a trial by jury of all issues raised by this Complaint which are triable by jury.

Dated: February 5, 2015

Respectfully submitted,
**LAW OFFICES OF SEPEHR DAGHIGHIAN, P.C.**

_____
SEPEHR DAGHIGHIAN, ESQ.
Attorney for Plaintiff: Xander Bicycle Corporation